UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PITA HUB INC.,<br><br>　　　　　　Defendant. | Case No. 21-cv-05571-DMR<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 19 |

The court has reviewed Plaintiff's notice of mootness. [Docket No. 19.] In light of Plaintiff's representation that his claim for injunctive relief under the Americans with Disabilities Act ("ADA") is now moot, the court *sua sponte* raises the question of whether it should retain supplemental jurisdiction over the remaining California Unruh Civil Rights Act claim.

28 U.S.C. § 1367(c)(4) authorizes a district court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." In *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), the Ninth recognized that "a recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity," *id.* at 1211. Recently enacted procedural filing requirements in California state courts have resulted in "a wholesale shifting of Unruh Act/ADA cases into . . . [California federal courts.]" *Id.* at 1212. As a consequence of this shift, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.* at 1212-13. The Ninth Circuit described these circumstances as "exceptional" and a "very substantial threat to federal-state comity . . . namely, that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to

substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id.* at 1213. Accordingly, the court held that the Central District of California acted within its discretion to conclude that "this extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of [28 U.S.C.] § 1367(c)(4)." *Id.* at 1213-14.

Following *Arroyo*'s guidance, the court orders Plaintiff to show cause why this court should not decline to exercise supplemental jurisdiction over the remaining Unruh Act claim. *See Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (declining supplemental jurisdiction where "[u]nder the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring Garcia to refile his Unruh Act claim in state court."). Plaintiff shall file his response within 7 days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 9, 2022



Donna M. Ryu
United States Magistrate Judge