UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>            Plaintiff,<br><br>   v.<br><br>PITA HUB INC.,<br><br>            Defendant. | Case No. 21-cv-05571-DMR<br><br>**ORDER DISMISSING CASE** |

This lawsuit alleges violations of the public accommodations requirements of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh Civil Rights Act. The case is still at the pleadings stage.[1] On March 3, 2022, Plaintiff gave notice that his claim for injunctive relief under the ADA is moot because "the subject business is no longer operational and there is no plan for the business to reopen." [Docket No. 19.] Plaintiff was ordered to show cause why the court should not decline to exercise supplemental jurisdiction over the remaining state law claim. [Docket No. 20.] Plaintiff timely submitted a response ("Pl.'s Br."). [Docket No. 22.] After reviewing Plaintiff's brief, the court concludes that retention of supplemental jurisdiction is not appropriate and dismisses the case without prejudice to Plaintiff re-filing his Unruh Act claim in state court.[2]

I.   **LEGAL STANDARD**

The district court "maintains a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983);

---

[1] Defendant originally was self-represented. The court appointed pro bono counsel for limited representation through mediation, including responding to the complaint. [Docket No. 16.]

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under to 28 U.S.C. § 636(c).

*see* Fed. R. Civ. P. 12(h)(3). At the outset of this case, the court had federal question jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331. Because Plaintiff's state law claim "[was] so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution," this court exercised supplemental jurisdiction over that claim as well. 28 U.S.C. § 1367(a).

The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). Rather, the district court retains discretion whether to exercise supplemental jurisdiction even after all federal claims are resolved. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). 28 U.S.C. § 1367(c)(4) authorizes a district court to "decline to exercise supplemental jurisdiction over a claim . . . if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Exceptional circumstances "authorize consideration, on a case-by-case basis, of whether the 'principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' warrant declining supplemental jurisdiction." *Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)). The Ninth Circuit generally disfavors the exercise of supplemental jurisdiction. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

**II.    DISCUSSION**

Ninth Circuit authority, principles of federal-state comity, and the early state of the proceedings all militate against retaining supplemental jurisdiction over this case. The Ninth Circuit previously has affirmed district court decisions declining to exercise supplemental jurisdiction over state law claims upon resolution of the ADA claims. *See*, *e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (upholding dismissal after summary judgment

granted to defendants on ADA accessibility claim); *Wander v. Kaus*, 304 F.3d 856, 857-58 (9th Cir. 2002) (upholding dismissal of case after dismissing ADA claim as moot because defendants no longer owned public accommodation).  Similar to this case, the plaintiff in *Wander* expressly "conceded that the injunctive relief requested under the ADA claim was now unavailable because the [defendants] no longer owned, leased, leased to, or operated the place of public accommodation at issue." *Wander*, 304 F.3d at 857.

Late last year in *Arroyo*, the Ninth Circuit recognized that "the recent confluence of several California-law rules have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." 19 F.4th at 1211.  Over the past decade, the California Legislature has enacted procedural filing requirements for California state courts that have resulted in "a wholesale shifting of Unruh Act/ADA cases into . . . [California federal courts.]" *Id.* at 1212.  As a consequence of this shift, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.* at 1213.  The Ninth Circuit described these circumstances as "exceptional" and a "very substantial threat to federal-state comity . . . namely, that retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id*.  Accordingly, the Ninth Circuit held that the district court acted within its discretion to conclude that "this extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of [28 U.S.C.] § 1367(c)(4)." *Id.* at 1213-14.

After *Arroyo*, numerous courts have followed its guidance and declined to exercise supplemental jurisdiction over state law claims in disability access cases.  *See, e.g.*, *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022) (citing cases).  In *Garcia*, the Honorable Joseph C. Spero held that "[u]nder the circumstances of this case, which has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of

3

economy and efficiency that might be adversely affected by requiring Garcia to refile his Unruh Act claim in state court. Fairness also counsels in favor of declining jurisdiction, because allowing Garcia to pursue his Unruh Act claim here would countenance 'a wholesale evasion of . . . critical limitations on damages relief' that the California legislature has seen fit to impose for claims under that statute." *Id.* at *5 (quoting *Arroyo*, 19 F.4th at 1213 (alterations in original)).

Supplemental jurisdiction is also not appropriate in this case. Plaintiff concedes that his ADA claim for injunctive relief is moot. The fairness and comity considerations in light of California's "carefully crafted reforms in this area" are present here. *See Arroyo*, 19 F.4th at 1211-14. Given the early stage of the litigation, the impact of a dismissal on judicial economy and efficiency is minimal. The court has not held an initial case management conference and the parties have not engaged in any motion practice, as the automatic stay imposed in ADA access cases under this district's General Order 56 is still in effect.

Plaintiff argues for continued exercise of supplemental jurisdiction because General Order 56 offers many of the same procedural protections to ADA defendants as California's procedural reforms. Pl.'s Br. at 4-6. That is patently false. The constellation of California laws enacted to address perceived abuses of the state's disability access laws include a prohibition on "up-front requests for money in pre-litigation demand letters," "heightened pleading requirements applicable only to such claims," a disclosure in the complaint that "the plaintiff is a high-frequency litigant," and an imposition of a $1,000 additional filing fee. *Arroyo*, 19 F.4th 1207 (9th Cir. 2021); *see* Cal. Civ. Code § 55.3-.32; Cal. Code Civ. Proc. §§ 55.51-.545, 425.50-.55; Cal. Gov't Code § 70616.5. By contrast, General Order 56 sets forth requirements for service, scheduling, discovery, and settlement, and automatically stays litigation pending completion of mediation or settlement.[3] The general order does not establish any heightened pleading requirements and additional filing fee—which Plaintiff likely would have had to follow had he filed this case in state court. *See Arroyo*, 19 F.4th at 1207 (assuming without deciding that "the heightened pleading requirements

---

[3] General Order No. 56, *Americans with Disabilities Act Access Litigation* (N.D. Cal. amended Jan. 1, 2020), https://www.cand.uscourts.gov/wp-content/uploads/general-orders/GO-56.pdf.

1  also do not apply in federal court"). A cursory review of this district's docket evidences that
2  Plaintiff filed 287 cases in this district alone in the twelve months preceding the complaint in this
3  case, which would more than qualify him as a "high-frequency litigant" in state court. *See* Cal.
4  Code Civ. Proc. § 425.55(b)(1) (defining "high-frequency litigant" as "[a] plaintiff who has filed
5  10 or more complaints alleging a construction-related accessibility violation within the 12-month
6  period immediately preceding the filing of the current complaint alleging a construction-related
7  accessibility violation").

8        Plaintiff also argues that being forced to re-file in state court and pay the additional filing
9  fee would essentially "create an additional, duplicated, unnecessary filing" and overburden the
10 state courts. Pl.'s Br. at 6-7. This contention ignores the considerable comity threats that arise by
11 allowing "an end-run around California's requirements" and the California Legislature's policy
12 objectives behind these procedural reforms. *See Arroyo*, 19 F.4th at 1212-13 ("The Legislature
13 could have chosen to eliminate the [Unruh Act's] damages remedy in whole or in part, but it
14 instead imposed a set of special procedural limitations designed to balance its objectives of
15 allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable
16 incentives for plaintiffs.").

17       Plaintiff's remaining argument, that his ADA claim for nominal damages is still live
18 despite the mooting of his ADA injunctive relief claim, is meritless. Pl.'s Br. at 1-4. Plaintiff
19 invokes *Uzuegbunam v. Preczewksi*, 141 S. Ct. 792 (2021), in which the Supreme Court held that
20 "a request for nominal damages satisfies the redressability element of standing where a plaintiff's
21 claim is based on a completed violation of a legal right," *id.* at 802. "However, *Uzuegbunam* 'was
22 decided under common law principles' and therefore 'does not change the availability of remedies
23 under Title III of the ADA.'" *Whitaker v. Le Marais Bakery, LLC*, No. 21-cv-06590-TSH, 2022
24 WL 827643, at *4 (N.D. Cal. Mar. 18, 2022) (quoting *Whitaker v. Tesla Motors, Inc.*, No. 21-cv-
25 3135-YGR, 2021 WL 4461210, at *1 (N.D. Cal. Sept. 29, 2021)). The Ninth Circuit is
26 unequivocal that private plaintiffs may only seek injunctive relief under Title III of the ADA, and
27 not monetary damages. *See, e.g.*, *Oliver*, 654 F.3d at 905; *Molski v. M.J. Cable, Inc.*, 481 F.3d
28 724, 730 (9th Cir. 2007); *Wander*, 304 F.3d at 858. *Uzuegbunam* does not entitle Plaintiff to seek

nominal damages for ADA violations where the statute itself does not so allow.  *See Perry v. Gottlieb*, No. 21-55513, 2022 WL 779627, at *1 (9th Cir. Mar. 14, 2022) ("In *Uzuegbunam*, the Supreme Court addressed only standing . . . [; it] did not address the availability of nominal damages under Title III of the ADA.  Nor did it hold that nominal damages are now available as an inherent remedy for all legal injuries.").[4]

## III. CONCLUSION

For the foregoing reasons, the court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim in this case and dismisses this case *sua sponte* without prejudice to Plaintiff refiling that claim in state court.  The Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: April 19, 2022



Donna M. Ryu
United States Magistrate Judge

---

[4] Multiple courts have recently dismissed claims for nominal damages under the ADA by Plaintiff or his counsel or denied leave to amend to request such a remedy.  *See, e.g.*, *Whitaker v. Le Marais*, 2022 WL 827643, at *4; *Whitaker v. Tesla*, 2021 WL 4461210, at *1; *Garcia v. Ductoc*, No. 20-cv-9097-DMG, 2021 WL 4776005, at *3 (C.D. Cal. May 18, 2021); *Perry v. Gottlieb*, No. 20-cv-2996, 2021 WL 7500944, at *3 (C.D. Cal. Apr. 28, 2021); *aff'd*, 2022 WL 779627, at *1; *Whitaker v. Rodriguez,* No. 20-cv-00494-RGK, 2021 WL 3122400, at *2 (C.D. Cal. Apr. 19, 2021).

6